## Valentino Motors Corp. v. Grillo

Before Griffith, P. J., McDonald and Wolfe, JJ.

*Davis & Davis*, for plaintiff.

*Smorto & Creany*, for defendant and intervenor.

GRIFFITH, P. J., May 20, 1960.—This is an action in assumpsit based on two judgments obtained in foreign jurisdictions. One judgment, in the amount of $10,793.06, was obtained by plaintiff in the United States District Court for the District of Maryland

against Valentino Motors, Inc., a Maryland corporation, Valentino Mozzano, the intervenor, Alvin Grillo, defendant, and J. Earl McQuade. The other judgment was obtained in the Superior Court of Baltimore City in the sum of $4,500 by plaintiff against Valentino Mozzano, the intervenor, and Alvin Grillo, defendant.

A writ of foreign attachment was issued and First National Bank of Barnesboro and Earl Lantzy were named as garnishees. Defendant's preliminary objections as to the invalidity of the service must be dismissed. It is contended that Pa. R. C. P. 1257, which provides that the sheriff shall furnish garnishees with additional copies of the writ for each defendant was not complied with. We believe that the use of the word "shall" in Pa. R. C. P. 1257 is merely directory. The failure to supply the garnishee with "an additional copy of the writ for each defendant" did not render the service void in the absence of any averment that any defendant was actually injured or lacked ample notice by the sheriff's failure to furnish such copies.

Plaintiff filed preliminary objections to the petition of Valentino Mozzano for intervention. Our attention is called to Pa. R. C. P. 2328 which reads as follows:..

"(a). Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in an action of assumpsit, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner shall attach to the petition a copy of any pleading which he will file in the action if permitted to intervene or shall state in the petition that he adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action."

The petition to intervene avers that the action is based on judgments obtained against both defendant

and the intervenor, that the intervenor has a "proper" counterclaim against plaintiff and that if defendant should be compelled to pay the judgments, he would have a right of contribution against the intervenor. "Clearly an averment that the intervenor has a proper counterclaim is not a setting forth of the ground on which intervention is sought and a statement of the defense which petitioner will make. The intervenor further asserted that he "will" adopt as his pleadings the pleadings which are now or "will" be filed by defendant in the future and that he "will" file new matter and a counterclaim. Such an averment is not a compliance with Pa. R. C. P. 2328 which permits a petitioner for intervention to adopt by reference pleadings "already" filed. The obvious purpose of requiring an intervenor to state his position in some detail is to enable the court to determine whether intervention should be allowed. Since the present petition for intervention does not comply with Pa. R. C. P. 2328, we must sustain plaintiff's preliminary objections to intervention. However, since the court may permit intervention "at any time during the pendency of an action", Pa. R. C. P. 2327, the intervenor should be given permission to file a proper petition for intervention within 20 days of the date of this decree.

We therefore enter the following

### Decree

And now, May 20, 1960, at 3:50 p.m., after argument and upon due consideration, defendant's preliminary objections attacking the service of the writ of foreign attachment are dismissed and plaintiff's preliminary objections to the petition for intervention of Valentino Mozzano are sustained. However, Valentino Mozzano is hereby given leave to file a proper petition for intervention within 20 days of the date of this decree.